## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Northern Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| **One 2004 Nissan Armada** | : | **Civil Action No.** |
| **VIN # 5N1AA08B74N745114,** | | |
| **$15,767.00 in United States Currency,** | : | |
| **and Three Breitling Watches** | | |
| | : | |
| **Defendant.** | | |
| | : | |

: : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the UNITED STATES OF AMERICA, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1.      This is a civil forfeiture action against properties involved in violations of the Controlled Substances Act that are subject to forfeiture pursuant to 21 U.S.C. §§ 881(a)(4) and (6).

### THE DEFENDANT *IN REM*

2.      The defendants are One 2004 Nissan Armada VIN # 5N1AA08B74N745114, $15,767.00 in United States currency, and Three Breitling Watches with an appraised value of $11,100.00 (the "Defendant Properties"), which were seized on July 25, 2012, from Michael Joseph Marcellino, and subsequently were placed in the custody of the Drug Enforcement Administration in the District of Maryland where they remain.

## JURISDICTION AND VENUE

3.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Properties. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

4.      This court has *in rem* jurisdiction over the Defendant Properties under 28 U.S.C. § 1355(b).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the properties are located in this district.

## BASIS FOR FORFEITURE

6.      The Defendant Properties are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) as a vehicle used, or intended to be used, to transport, or in any manner facilitate the transportation, sale, receipt, possession, or concealment of controlled substances, and pursuant to 21 U.S.C. § 881(a)(6) because it constitutes (1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

7.      The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Maria E. Pena, Task Force Officer of the Drug Enforcement Administration, which is incorporated herein by reference.

**WHEREFORE,** THE Plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;

2. That a Warrant of Arrest *in rem* issue to the United States Marshal commanding the arrest of the Defendant Properties;

3. That Judgment of Forfeiture be decreed against the Defendant Properties;

4. That upon Final Decree of Forfeiture, the United States Marshal dispose of the Defendant Properties according to law;

5. That the Plaintiff has such other and further relief as the case may require.

Dated: May 15, 2013

                                                Respectfully submitted,

                                                Rod J. Rosenstein
                                                UNITED STATES ATTORNEY
                                                District of Maryland

                                                Stefan D. Cassella
                                                Assistant United States Attorney
                                                36 South Charles Street
                                                Fourth Floor
                                                Baltimore, Maryland 21201
                                                Tel: (410) 209-4800

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of one 2004 Nissan Armada, $15,767.00 in United States Currency, and Three Breitling Watches with an appraised value of $11,100.00.

I, Marie E. Pena, Task Force Officer of the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the 2004 Nissan Armada, the $15,767.00 in United States Currency, and the Three Breitling Watches constitute (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841, and thus are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). I further submit that there are sufficient facts to support a reasonable belief that the 2004 Nissan Armada constitutes a vehicle used, or intended to be used, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances in violation of 21 U.S.C. § 841, and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

a.     During the first quarter of 2012, members of the Baltimore County Police Department began an investigation on several subjects who were involved in the distribution of controlled dangerous substances.

b.     Investigators obtained several court authorized orders for cellular telephone interception. The interceptions identified Michael Joseph Marcellino ("Marcellino") as a source of cocaine supply to other targets of this investigation.

c.     Investigators identified Marcellino's residence as 5114 Clifford Road, Perry Hall, Maryland, 21128 (the "Residence").

d.     Investigators identified Marcellino's place of employment as CBC Bank located at 9413 Harford Road, Parkville, Maryland, 21234.

e.     During the course of the investigation, Marcellino used a 2004 Nissan Armada to travel to and from his drug-related activities. The vehicle is registered to Marcellino.

f.      This investigation culminated on July 25, 2012, with the execution of an arrest warrant and a search and seizure warrant for Marcellino and his Residence.

g.      Prior to executing the warrant at Marcellino's Residence, detectives responded to his place of work, CBC Bank located in Baltimore County, Maryland, and placed Marcellino in custody.

h.      Detectives seized the 2004 Nissan Armada at the CBC Bank where Marcellino was placed in custody.

i.      Detectives recovered a small amount of cocaine and $445.00 in United States currency from Marcellino's pants pockets.

j.      Marcellino was transported to his Residence to be present during the service of the search warrant.

k.      Detectives detained Amber Marie Kim ("Kim"), Marcellino's girlfriend, prior to entering the Residence.  Once entry was made, no other occupants were found in the Residence.

l.      During a post-Miranda interview, Marcellino told detectives that he had marijuana in his bedroom closet and a large amount of money in his master bedroom.

m.      In the course of their search of the Residence, detectives recovered the following:

    i.  From the master bedroom

       1.      Two (2) cellular phones

       2.      Four (4) handguns

              (2) Walther P22 handguns

              (1) Davis Derringer handgun

              (1) Springfield XD40 handgun

       3.      Five Walther P22 gun magazines

       4.      A black case containing:

              (2) Gun magazines

              (2) Holsters

              (2) Gun magazine holsters

       5.      A shoe box with various ammunitions

       6.      A scale with cocaine residue

       7.      A metal grinder

       8.      A sifter with cocaine residue

      9.     A baggie with marijuana

     10.    A bottle of Inositol powder (a cutting agent for cocaine)

     11.    Thirteen (13) pills

           (2) Diazepan

           (9) Oxycodone

     12.    $15,767.00 in United States currency

     13.    A black Breitling watch

     14.    A clear baggie with white rock substance (cocaine)

     15.    (2) wrappers containing white rock substance (cocaine)

     16.    Savings bonds and a Sony memory card

  ii.  From the basement

     1.    A shotgun

     2.    Shotgun shells

     3.    A scale with cocaine residue

     4.    Paperwork

  iii.  From the kitchen

     1.    Residency papers for Marcellino

     2.    Two (2) Breitling watches

     3.    A wrapper with cocaine residue

n.     Detectives also seized personal documents from various areas of the Residence.

o.     Marcellino was charged with possession of a controlled dangerous substance (not marijuana), and possession of marijuana.

p.     A criminal history was conducted on Marcellino and revealed no prior charges.

q.     A criminal history was conducted on Kim and revealed two prior assault charges.

r.     A wage and earnings history was queried for Marcellino and revealed that he earned $40,679.00 in reported legitimate income for 2011, and $282,552.00 in 2012.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. § 1746 THAT THE FACTS SUBMITTED BY THE BALTIMORE COUNTY POLICE DEPARTMENT, IN REFERENCE TO THE SEIZURE OF ONE 2004 NISSAN ARMADA,

$15,767.00 IN U.S. CURRENCY, AND THREE ASSORTED WATCHES VALUED AT $11,100.00 FROM MICHAEL JOSEPH MARCELLINO ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Marie E. Pena
Task Force Officer
Drug Enforcement Administration

## VERIFICATION

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration and that everything contained therein is true and correct to the best of my knowledge and belief.

Dated: May 15, 2013

Stefan D. Cassella
Assistant U.S. Attorney